DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2009-10 tax year. The property is identified in the Multnomah County tax records as Account R175349.
A trial was held August 25, 2010. Surasak Tanatchangsang testified for Plaintiffs; Beth Fast and Dave Babcock, county appraisers, represented Defendant. Parties submitted material for the record that the court will identify as Plaintiffs' Exhibit 1 and Defendant's Exhibit A.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 2476 SW Wright Place in Troutdale, Oregon. It was built in 1998 and has 1,727 square feet of living area with an attached two car garage. (Def's Ex A at 2.)
The Clackamas County Board of Property Tax Appeals (BOPTA) reduced Defendant's original total RMV of $251,860 to $236,080. (Ptfs' Compl at 2.) This was done to adjust for property condition after an inspection. Plaintiffs seek a reduction to $175,000 RMV. (Ptfs' Compl at 1.) This is based on their acquisition price of $175,000 in September of 2009. (Id.) It was purchased from a bank as a "short sale." They make no allowance for any time adjustment *Page 2 
back to the January 1, 2009 assessment date. Defendant claims studies show a definite downturn in the market during that interim period.
Plaintiffs' trial testimony mentioned an appraisal summary prepared on conjunction with their purchase. Although it was presented for the BOPTA review, it was not filed with the court. Nor was the author of that appraisal document available at trial.
Defendant's expert appraiser offered a comprehensive review of pertinent market transactions. She was available at trial to answer questions and explain her adjustments. She examined three sales of comparable properties. The sales prices ranged from $230,000 to $255,000. After necessary adjustments for differences, the final values indicated were from $234,500 to $241,500.
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1) defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."[1]
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. ClackamasCounty Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
Plaintiffs in this case have presented information about their purchase of the subject property. However, it is not a typical arms-length market transaction. It is a short sale and shows elements of duress on the part of the seller. Plaintiffs' mentioned third-party appraisal was made at a different time and under different local conditions. It is entitled to no weight in *Page 3 
this record. Plaintiffs' presentations consisted largely of beliefs and opinions. These do not constitute proof of an overassessment.
Defendant's evidence, on the other hand, is of the quality necessary to support the BOPTA conclusions. The collection was based on relevant market activities, necessary adjustments and professional expertise.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that a reduction in the RMV for the 2009-10 tax year is warranted. Accordingly, the record RMV established by the assessor and affirmed by the board, must be, and is hereby, sustained. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon October 5, 2010.
 The Court filed and entered this documenton October 5, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.